IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HAROLD OVERTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:22-01770-L |
| | § | |
| NAVAJO EXPRESS, INC. AND | § | |
| DAVID MATTHEW FADULE, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS NAVAJO EXPRESS, INC. AND DAVID MATTHEW FADULE'S BRIEF IN SUPPORT OF <u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Defendant NAVAJO EXPRESS, INC. and Defendant DAVID MATTHEW FADULE (collectively "Defendants") in the above-entitled and numbered case, and files this their Brief in Support of Motion for Partial Summary Judgment ("Motion") filed pursuant to Rule 56 of the Federal Rules of Civil Procedure.

# TABLE OF CONTENTS

**DEFENDANTS NAVAJO EXPRESS, INC. AND DAVID MATTHEW FADULE'S BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** ............................................................................................................. 1

    TABLE OF CONTENTS ........................................................................................ 2

    TABLE OF AUTHORITIES .................................................................................. 3

I.    STATEMENTS ................................................................................................. 5

    Statement of Undisputed Facts: ............................................................................ 5

    Statement of Issues: .............................................................................................. 6

    Summary Judgment Evidence .............................................................................. 6

    Statement of Reasons for Granting Summary Judgment: ..................................... 6

II.   APPLICABLE LAW ........................................................................................ 6

    The Law Regarding Gross Negligence ................................................................ 8

III.  APPLICATION OF THE LAW TO PLAINTIFF'S GROSS NEGLIGENCE CLAIMS ................................................................................................................ 12

    A.  Application of the law as it applies to gross negligence claims against Defendant David Matthew Fadule ....................................................................... 12

    B.  Application of the law as it applies to gross negligence claims against Defendant Navajo Express, Inc. ........................................................................... 13

    CONCLUSION ..................................................................................................... 14

    CERTIFICATE OF SERVICE............................................................................... 15

## **TABLE OF AUTHORITIES**

**Cases** **Page(s)**

*Adickes v. S.H. Kress & Co.*,
  398 U.S. 144 (1970) .................................................................................................. 7

*Celotex Corp. v. Catrett*,
  477 U.S. 317, 322-23 (1986). ................................................................................ 6, 7

*Downhole Navigator, L.L.C. v. Nautilus Ins. Co.*,
  686 F. 3d 325 (5th Cir. 2012) ................................................................................... 7

*Escalante v. Creekside Logistics, LLC*,
  No. 5:18-CV-116-OLG, 2019 WL 9135758 (W.D. Tex. Feb. 12, 2019) .................... 11

*Ewing v. Iron Tiger Logistics, Inc.*,
  No. 3:10-CV-1211-O, 2011 WL 13229253 (N.D. Tex. Apr. 5, 2011) ........................ 11

*Hernandez v. Yellow Transp., Inc.*,
  670 F.3d 644 (5th Cir. 2012) .................................................................................... 7

*Hylander v. Groendyke Transp., Inc.*,
  732 S.W.2d 692 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.......................... 10

*In re Norplant Contraceptive Prod. Liab. Litig.*,
  215 F. Supp. 2d 795 (E.D. Tex. 2002) ...................................................................... 7

*Jezek v. R.E. Garrison Trucking, Inc.*,
  637 F. Supp. 3d 445 (N.D. Tex. 2022) .................................................................... 11

*McDorman v. Texas-Cola Leasing Co., L.P., L.L.L.P.*,
  288 F. Supp.2d 796 (N.D. Tex. 2003) .................................................................. 9, 11

*Mobil Oil Corp. v. Ellender*,
  968 S.W.2d 917 (Tex. 1998) ............................................................................ 9, 10, 11

*Perez Librado v. M.S. Carriers, Inc.*,
  452 S.W.3d 847 (N.D.Tex.2004) ............................................................................. 10

*Phillips v. Super Servs. Holdings, LLC*,
  189 F. Supp. 3d 640 (S.D. Tex. 2016) .................................................................. 9, 11

*Port Terminal R.R. Ass'n v. Richardson*,
  808 S.W.2d 501 (Tex.App.—Houston [14th Dist.] 1991, writ denied) .................... 10

*R & R Contractors v. Torres*,
  88 S.W.3d 685 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.) ...................... 9

*RSR Corp. v. Int'l Ins. Co.*,
  612 F.3d 851 (5th Cir. 2010) ................................................................................... 7

*Terminix, Inc. v. Right Away Foods Corp., Inc.*,
  771 S.W.2d 675 (Tex.App.—Corpus Christi 1989, writ denied) ............................. 10

*U-Haul Int'l v. Waldrip*,
  380 S.W.3d 118 (Tex. 2012) ................................................................................ 8, 9

*Wal-Mart Stores, Inc. v. Alexander*,
  868 S.W.2d 322 (Tex. 1993) .............................................................................. 8, 10

**<u>Statutes</u>**

Tex. Civ. Prac. & Rem. Code § 41.001 ........................................................................ 8

Tex. Civ. Prac. & Rem. Code § 41.001(11) ................................................................. 8

**<u>Rules</u>**

Fed. R. Civ. P. 56 ......................................................................................................... 1

Fed. R. Civ. P. 56(a) .................................................................................................... 6

Fed. R. Civ. P. 56(c) .................................................................................................... 7

Fed. R. Civ. P. 56(c)(2) ................................................................................................ 7

## I.    STATEMENTS

### Statement of Undisputed Facts:

1. Plaintiff filed this lawsuit on or about January 21, 2022 and filed their current live pleading on July 18, 2022. *[ECF 10]*. Plaintiff brought this lawsuit against Defendants to recover monetary damages for personal injuries arising out of a motor vehicle accident that occurred on or about March 17, 2020 in Ellis County, Texas. In his live Complaint, Plaintiff alleges several causes of action against Defendants including gross negligence. *[ECF 10]*.

2. Defendants now file this brief in support of summary judgment on the gross negligence causes of action generally asserted against both Defendants because Plaintiff has failed to prove essential elements of each claim.

3. The gross negligence causes of action against Defendants arise out of an automobile accident that occurred on March 17, 2020 in Ellis County, Texas. *Id.* The incident occurred when Plaintiff was operating a tractor-trailer on behalf of his employer, UPS, and was parked on the southbound shoulder of IH-35E. At the same time and place, Defendant Fadule was operating a tractor-trailer on behalf of his employer, Defendant Navajo Express, Inc., and was traveling southbound in the third lane. Plaintiff alleges Fadule failed to maintain a single lane and collided with Plaintiff's parked tractor-trailer. *Id.* Plaintiff alleges he suffered multiple injuries as a result of this accident. *Id.* It is undisputed that Fadule was in the course and scope of his employment with Navajo at the time of the incident.

## Statement of Issues:

4. Pursuant to Local Civil Rule 56(a), Defendants state that the following issues are to be decided by the Court:

   A. Whether or not Defendant Navajo Express, Inc. is entitled to summary judgment as to Plaintiff's claim for gross negligence due to Plaintiff's failure to produce sufficient, if any, evidence to support each essential element of the claim;

   B. Whether or not Defendant David Matthew Fadule is entitled to summary judgment as to Plaintiff's claim for gross negligence due to Plaintiff's failure to produce sufficient, if any, evidence to support each essential element of the claim.

## Summary Judgment Evidence

5. Defendants offer the following evidence in support of their Motion for Partial Summary Judgment. Said evidence is attached hereto and incorporated by reference for all purposes.

   **EXHIBIT "A"**   Cited excerpts from the Oral Deposition of Jay Thomas, Vice President, Safety and Risk Management, taken July 21, 2023, at Appendix 46-62.

## Statement of Reasons for Granting Summary Judgment:

6. After litigating this matter since January of 2022, it is clear Plaintiff does not have sufficient evidence to support each essential element of the following claims: gross negligence against Navajo Express, Inc. and/or or, gross negligence against Fadule.

## II.   APPLICABLE LAW

7. A defendant is entitled to summary judgment when it demonstrates a plaintiff has failed to establish an essential element of his cause of action. *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) *(citing Fed. R. Civ. P. 56(c))*. The Supreme Court explained that "[i]n such a situation, there can be no 'genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving part's case necessarily renders all other facts immaterial." *Id*. A defendant is not required to produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the plaintiff's claim. *In re Norplant Contraceptive Prod. Liab. Litig.*, 215 F. Supp. 2d 795, 802 (E.D. Tex. 2002) *(citations omitted)*.

8.   When considering summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). However, "if the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party, then there is no genuine issue for trial." *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 650 (5th Cir. 2012).

9.   Because this Court's jurisdiction over this case is based on diversity, substantive Texas law applies. *Downhole Navigator, L.L.C. v. Nautilus Ins. Co.*, 686 F. 3d 325, 328 (5th Cir. 2012); *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010) *(citing Fed. R. Civ. P. 56(c)(2))*. Decisions of the Texas Supreme Court are binding while decisions of intermediate courts of appeal are persuasive. *RSR Corp.*, 612 F.3d at 857-58.

## The Law Regarding Gross Negligence

10. Pursuant to Section 41.001 of the Texas Civil Practice & Remedies Code, "gross negligence" consists of the following two elements:

> (A) when viewed objectively from the actor's standpoint, the act or omission must involve an extreme degree of risk, considering the probability and the magnitude of the potential harm to others, and
>
> (B) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others.

Tex. Civ. Prac. & Rem. Code § 41.001(11) (2015).

11. The test for gross negligence contains both an objective and a subjective component. *U-Haul Int'l v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012). By its very nature, gross negligence involves more culpable conduct that ordinary negligence with respect with respect to both the objective and subjective elements of gross negligence. *Wal-Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 325-26 (Tex. 1993). Subjectively, the defendant must have actual awareness of the extreme risk created by its conduct. *U-Haul Int'l*, 380 S.W.3d at 137. Objectively, the defendant's conduct must involve an "extreme degree of risk," a threshold significantly higher than the objective "reasonable person" test for basic negligence. *Id.* Extreme risk is a function of both the magnitude and the probability of the anticipated injury to the plaintiff. *Id.* The "extreme risk" prong is not satisfied by a remote possibility of injury or even a high probability of minor harm, but rather "the likelihood of serious injury" to the plaintiff. *Id.*

12. Gross negligence is different from ordinary negligence in that "conscious indifference" refers to a decision, in the face of an impending risk of harm to another party, not to care about the consequences of the act that might ultimately lead to that harm. *McDorman v. Texas-Cola Leasing Co.,* L.P., L.L.L.P., 288 F. Supp.2d 796, 808 (N.D. Tex. 2003). Even where the magnitude of the injury may affect the hindsight consideration, such hindsight is not permitted in evaluating the evidence to support the second element. Therefore, evidence of an actual and extreme risk must be perceived before the act or omission, such that the defendant had to have consciously disregarded the impending harm. *U-Haul Int'l*, 380 S.W.3d at 137-38.

13. An act or omission that is merely thoughtless, careless, or not inordinately risky cannot be grossly negligent. *Id*. Only if the defendant's act or omission is unjustifiable and likely to cause serious harm can it be grossly negligent. *Id*. Accordingly, evidence of simple negligence is insufficient to prove either the objective element or subjective element of gross negligence. *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998).

14. A corporation may not be held liable for punitive damages for gross negligence unless the corporation itself (1) commits gross negligence, (2) authorized or ratified an agent's gross negligence, (3) was grossly negligent in hiring an unfit agent, or (4) committed gross negligence through the actions or inactions of a vice-principal. *Phillips v. Super Servs. Holdings, LLC,* 189 F. Supp. 3d 640, 656–57 (S.D. Tex. 2016) (citing *R & R Contractors v. Torres*, 88 S.W.3d 685, 708 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.); *Mobil Oil Corp.*, 968 S.W.2d at 921.

15. The subjective prong requires that the defendant knew about the risk, but that the defendant's acts or omissions demonstrated indifference to the consequences of its acts. *Id.* Only if the defendant's act or omission is unjustifiable and likely to cause serious harm can it be grossly negligent. *Id.* Thus, a party cannot be liable when it actually and subjectively believes that circumstances pose no risk to the injured party, even if they are wrong. *U–Haul*, 380 S.W.3d at 141 (citation omitted); *Perez Librado v. M.S. Carriers, Inc.*, 452 S.W.3d 847, 854 (N.D.Tex.2004).

16. Although the courts recognize that there is "no exact line" that can be drawn between ordinary and gross negligence, in general, the situation must be "highly dangerous." *Wal-Mart Stores, Inc.*, 868 S.W.2d at 326 *(internal citation and quotation marks omitted). See also Terminix, Inc. v. Right Away Foods Corp., Inc.*, 771 S.W.2d 675, 681 (Tex.App.—Corpus Christi 1989, writ denied) *(use of twice the normal quantity of fumigation chemicals and failure to properly to instruct client on safety precautions insufficient to show gross negligence)*; *Port Terminal R.R. Ass'n v. Richardson*, 808 S.W.2d 501, 513 (Tex.App.—Houston [14th Dist.] 1991, writ denied) *(inadequate flagging of railroad crossing insufficient to show gross negligence)*; *Hylander v. Groendyke Transp., Inc.*, 732 S.W.2d 692, 695 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.) *(no evidence of gross negligence where truck driver, after suffering a tire blowout at night, reduced his speed to 30 m.p.h. and continued driving in the right-hand lane)*. Consequently, evidence of simple negligence is insufficient to prove either the objective or subjective elements of gross negligence. *Mobil Oil Corp.,*

968 S.W.2d at 921 *(citations omitted)*; and see *Phillips,* 189 F. Supp. 3d at 654–55 (S.D. Tex. 2016).

17.   The primary difference between gross and ordinary negligence is the mental state of the defendant – conscious indifference – which justifies the imposition of exemplary damages for gross negligence. *Jezek v. R.E. Garrison Trucking, Inc.*, 637 F. Supp. 3d 445, 450 (N.D. Tex. 2022) *(citing McDorman*, 288 F. Supp. 2d 796, 808–810). Otherwise stated, "[t]he plaintiff must show that the defendant knew about the peril, but his acts or omissions demonstrated that he did not care." *Id.*

18.   In the trucking accident context, injured motorists defending against motions for summary judgment must supply rebuttal evidence sufficient to establish that 1) the actions of the involved trucking firm created an extreme risk of harm, and that 2) the firm was also consciously indifferent to such extreme risk. *Ewing v. Iron Tiger Logistics, Inc.*, No. 3:10-CV-1211-O, 2011 WL 13229253, at *2 (N.D. Tex. Apr. 5, 2011); *Phillips,* 189 F. Supp. 3d at 658. In short, at the summary judgment stage, an injured motorist must establish that a reasonable jury could find that the trucking firm both knew of the risk-of-harm which qualified as "extreme," and that trucking firm also did not care. *Phillips*, 189 F. Supp. 3d at 658; *Escalante v. Creekside Logistics, LLC*, No. 5:18-CV-116-OLG, 2019 WL 9135758, at *6 (W.D. Tex. Feb. 12, 2019). *Jezek*, 637 F. Supp. 3d at 451.

### III. APPLICATION OF THE LAW TO PLAINTIFF'S GROSS NEGLIGENCE CLAIMS

#### A. Application of the law as it applies to gross negligence claims against Defendant David Matthew Fadule

19. Plaintiff's Complaint alleges a claim of gross negligence against both Defendants. Plaintiff has no evidence to show by clear and convincing evidence that any action on the part of either Defendant departed from the ordinary standard of care to the extent it created any extreme risk of harming others or that either Defendant had an actual, substantial awareness of any alleged risk involved and still decided to proceed in conscious indifference to the rights, safety or welfare of others.

20. There is no evidence to show that any of Defendant Fadule's conduct involved "an extreme degree of risk, considering the probability and magnitude of harm to others." The activity underlying the incident in question, driving a commercial truck on a highway, does not inherently present a likelihood of serious injury and Plaintiff has no evidence to the contrary.

21. Furthermore, Plaintiff fails to present any evidence that Fadule had any subjective knowledge that his actions at the time of the incident made the basis of this accident created an extreme risk of harm to Plaintiff or that same would cause serious injury to Plaintiff.

22. Even if such a risk existed (which Defendants specifically deny), Plaintiff's gross negligence claims still fail because there is no evidence that Fadule was actually and subjectively aware of that risk, but nevertheless proceeded to act with conscious indifference to the rights, welfare and safety of others.

23. Absent evidence to satisfy either the objective or subjective prongs of the "gross negligence" standard, there can be no liability for gross negligence and no recovery of exemplary damages. Therefore, David Matthew Fadule is entitled to summary judgment on Plaintiff's claims against him for gross negligence.

**B. Application of the law as it applies to gross negligence claims against Defendant Navajo Express, Inc.**

24. In his live Pleading, Plaintiff alleges a litany of allegations that boil down to a claim that Navajo was grossly negligent in the hiring, training and supervision of Defendant Fadule. However, the uncontroverted evidence in the case indicates that prior to placing David Fadule in a tractor-trailer, Navao required Fadule to complete an application that was compliant with the Federal Motor Carrier Safety Regulations, put him through a road test, required him to complete a pre-employment drug test, and required him to complete a three-day inhouse orientation which focused on safety and other issues relevant to Fadule's employment. *See Appendix Exhibit "A" which is an excerpt from the deposition of Jay Thomas, Vice President of Safety and Risk Management for Navajo Express, Inc. taken on July 21, 2023. Appendix 0004 through 0009.* Plaintiff has failed to produce any evidence to refute that the application and training process did not comply with the Federal Motor Carrier Safety Regulations or that it revealed anything that should have put Navajo on notice that Fadule was unfit to operate one of its vehicles.

25. Plaintiff's claims of gross negligence against Navajo also fail because Navajo had no reason to believe there was impending risk of harm to another party

or that hiring Fadule to drive one of its tractor-trailers would ultimately lead to any harm.

26. Further, there is also no evidence that Navajo's conduct involved an "extreme degree of risk, considering the probability and magnitude of harm to others." Plaintiff's claims of gross negligence against Navajo indicates that Plaintiff believes is vicariously liable for Fadule's gross negligence via the doctrine of *respondeat superior*. Further, Plaintiff failed to present any evidence for essential elements of its claim that Fadule committed any acts at the time of the incident made the basis of this litigation that would meet the elements required for a showing of gross negligence. As such, Navajo is entitled to summary judgment as to Plaintiff's claims of gross negligence.

## CONCLUSION

27. WHEREFORE, Defendants pray that the Court grant their Motion for Partial Summary Judgment on Plaintiff's gross negligence claims against Navajo Express, Inc. and David Matthew Fadule and grant such other and further relief, both at law and in equity, to which Defendants may be justly entitled.

        Respectfully submitted,

By:   /s/ *Michael D. Colvin*
      **Zach T. Mayer**
      State Bar No. 24013118
      zmayer@mayerllp.com
      **Michael D. Colvin**
      State Bar No. 00790489
      mcolvin@mayerllp.com

**MAYER LLP**
750 N. Saint Paul Street, Suite 700
Dallas, Texas 75201
Telephone: 214-379-6900
Facsimile: 214-379-6939

**ATTORNEYS FOR DEFENDANTS DAVID FADULE AND NAVAJO EXPRESS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2023, a copy of this document was served on all parties and counsel of record via the Court's electronic filing system.

           /s/ *Michael D. Colvin*
           Michael D. Colvin